# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 14 B 46339 |
| ) | |
| JASON RIEGER, ) | |
| ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Honorable Judge Donald R. Cassling |
| ) | |

### NOTICE OF MOTION

TO:   Glenn B. Stearns, Chapter 13 Trustee (via ECF)
      Fifth Third Mortgage Company ATTN: Robert Lewis, President, 38 Fountain Square Plaza, Cincinnati, Ohio 45263
      (via US Certified Mail)
      Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703
      (via US Certified Mail)

   PLEASE TAKE NOTICE that on March 13, 2015 at 9:30 a.m., the undersigned will appear before the Honorable Donald R. Cassling at the Kane County Courthouse, 100 S. Third Street, Room 240, Geneva, Illinois and will then and there present the attached **Debtor's Motion Pursuant to 11 U.S.C. §506(a) and Bankruptcy Rule 3012 to Determine the Value of 8N275 Sunvale Court, Elgin, Illinois 60124**, at which time you may appear if you so choose.

### Certificate of Service

   I, Mohammed O. Badwan, hereby certify that I caused to be served, electronically via ECF to Glenn B. Stearns, Chapter 13 Trustee, and through Certified U.S. Mail to Fifth Third Mortgage Company, ATTN: Robert Lewis and Illinois Corporation Service C, and attached a copy of the forgoing Notice and Motion upon the parties named above on March 5, 2015, from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

   **BY:   /S/ MOHAMMED O. BADWAN**
         **SULAIMAN LAW GROUP, LTD**
         COUNSEL FOR DEBTOR(S)
         900 JORIE BOULEVARD, SUITE 150
         OAK BROOK, IL 60523
         PHONE: (630) 575-8181
         FAX:     (630) 575-8188
         ATTORNEY NO: 6302103

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | NO. 14 B 46339 |
| JASON RIEGER, ) | |
| ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Honorable Judge Donald R. Cassling |
| ) | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 8N275 SUNVALE COURT, ELGIN, ILLINOIS 60124**

**NOW COMES**, JASON RIEGER ("Debtor"), by and through his attorneys, Sulaiman Law Group, LTD., and pursuant to 11 U.S.C §506(a) and Federal Bankruptcy Rule 3012, moves this Honorable Court to determine the fair market value of the real estate commonly known as 8N275 Sunvale Court, Elgin, Illinois 60124, and in support thereof stating the following:

1. This is a motion brought by the Debtor pursuant to 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the real estate commonly known as 8N275 Sunvale Court, Elgin, Illinois 60124.

2. The Debtor alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

3. The Debtor further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, and Section 157(b)(2) of Title 28 of the United States Code.

4. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on December 31, 2014.

5. The Debtor was granted a Chapter 7 discharge on August 26, 2013. *See* attached Exhibit A is a true and accurate copy of the Discharge Order entered in Debtor's Chapter 7 case.

6. The Debtor is not eligible for a Chapter 13 discharge by virtue of his Chapter 7 discharge within the 4 years preceding the commencement of the instant Chapter 13 proceeding.

7. The Debtor is the owner of the real estate commonly known as 8N275 Sunvale Court, Elgin, Illinois 60124 ("real estate").

8. At the time of the filing of the instant Chapter 13 proceeding, the fair market value of the real estate was $300,000.00. *See* attached Exhibit B is a true and accurate copy of a certified appraisal conducted by Sheila Krause, a real estate professional.

9. Upon information and belief, JPMorgan Chase Bank, N.A. ("Chase") has an interest in the real estate as a result of a first mortgage recorded in the Kane County Recorder of Deeds Office in the amount of $315,985.00. *See* attached Exhibit C is a true and accurate copy of Debtor's Schedule D filed with this Honorable Court.

10. Upon information and belief, RBS Citizens N.A. ("RBS") has an interest in the real estate as a result of a second mortgage lien recorded in the Kane County Recorder of Deeds Office in the amount of $110,368.88. Upon information and belief, the RBS interest in the real estate is serviced by Green Tree Servicing LLC ("Green Tree"). *Id*.

11. Upon information and belief, Fifth Third Mortgage Company ("Fifth Third") has an interest in the real estate as a result of a third mortgage recorded in the Kane County Recorder of Deeds Office in the amount of $115,512.00. *Id*.

12. Pursuant to 11 U.S.C. §§ 506(a) & (d), a creditor would only have a secured claim to the extent of the value of the bankruptcy estate's interest in the property securing the claim. As a result, a creditor's lien is void to the extent it is not an allowed secured claim.

13. Moreover, a junior lien holder would only have a secured claim to the extent the fair market value of the secured asset exceeds the amount of the lien held by the primary lien holder.

14. Where a junior mortgage is wholly unsecured, it should not be allowed as a secured claim, and that the mortgage lien may be stripped off. *In re Havel*, 2002 WL 31944059 (Bankr. S.D. Ill. 2002); *In re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In Re Pond*, 2001 252 F.3d 122 (2nd Cir. 2001); *In Re MacDonald*, 205 F. 3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F. 3d 277 (5th Cir. 2000); *In Re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In Re Tanner*, 217 F. 3d 1357 (11th Cir. 2000).

15. Given the fact that Chase's secured claim of $315,985.00 exceeds the value of the real estate of $300,000.00, Fifth Third does not have secured claim pursuant to 11 U.S.C. §506(a) and thus its rights may be modified notwithstanding its recorded lien on the Debtor's primary residence. *See* 11 U.S.C. 1322(b)(2).

16. In most instances, Fifth Third's claim should be classified as a general non-priority unsecured claim in the underlying Chapter 13.

17. However, by virtue of the Debtor's Chapter 7 discharge, Fifth Third does not have an unsecured claim against the Debtor.

18. "In fact, the pro-lien stripping courts recognize that upon confirmation of a plan in a chapter 20 case, the holder of a wholly unsecured junior mortgage lien holds neither a secured claim—by virtue of the § 506 valuation—nor an unsecured claim enforceable against the debtor—by virtue of the prior discharge. Confirmation of the plan in such cases, instead, implements the debtor's right under § 1322(b)(2) to modify— *not the claim*—but the "rights" that the holder of the previously discharged claim has under applicable nonbankruptcy law." *In re Scantling*, 465 B.R. 671, 680 (Bankr.M.D.Fla 2012).

19. Therefore, Fifth Third neither has a secured claim nor an unsecured claim, and shall not be paid in the underlying Chapter 13 proceeding.

20. Furthermore, Fifth Third shall release its lien upon *completion of plan payments.*

**WHEREFORE**, the Debtor, Jason Rieger, prays this Honorable Court enter an Order as follows:

1. Determining that the Fair Market Value of the Real Estate commonly known as 8N275 Sunvale Court, Elgin, Illinois 60124 is $300,000.00;

2. Determining Fifth Third Mortgage Company's third mortgage lien in the amount of $115,512.00 has no secured value;

3. Determining that Fifth Third Mortgage Company does not have a secured claim nor an unsecured claim and shall not be paid in the underlying Chapter 13 proceeding;

4. Determining that Fifth Third Mortgage Company's third mortgage lien should be deemed satisfied upon completion of plan payments; and

5. For any other and further relief as the Court may deem just and proper.

Dated: March 5, 2015

Respectfully Submitted,

/s/ Mohammed O. Badwan, Esq.
Mohammed O. Badwan, Esq. #6299011
*Counsel for Debtor*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax (630) 575-8188